IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RICE, | No. C 09-1496 JSW (PR) |
| Plaintiff, | **ORDER OF SERVICE FIRST, FOURTEENTH AMENDMENT and RLUIPA CLAIMS** |
| v. | |
| B. CURRY, Warden, W. J. HILL, Associate Warden, P. J. MULLEN, Correctional Business Manager, L. WARREN, Facility Captain, K. J. ALLEN, Facility Captain, C. foll, Deputy Warden, AND N. GRANNIS, | (Docket No. 3) |
| Defendants. | |

## INTRODUCTION

Plaintiff, currently incarcerated at the Correctional Training Facility in Soledad, California, has filed this civil rights complaint regarding the conditions of his confinement at the prison. Plaintiff has also filed a motion to proceed *in forma pauperis*, which is GRANTED in a separate order. This Court now reviews the Second Amended Complaint pursuant to 28 U.S.C. § 1915A and serves the complaint as set forth below.

## STATEMENT OF FACTS

In the complaint, Plaintiff alleges that he is a practicing Ansare EL Mohammed (hereinafter "AEM") Muslim and that prison officials have deprived him of time in the interfaith chapel to conduct classes and group worship according to the AEM school of thought and have refused to accommodate his religious dietary needs by serving him a

pre-dawn "suhoor" meal during the month of Ramadan, to accommodate his religious fasting, as were provided to orthodox Muslims fasting during this time period. Plaintiff contends that the actions of Defendants violates his constitutional and statutory rights under the Religious Land Use and Institutionalized Persons Act, ("RLUIPA",) 42 U.S.C. § 2000cc-1. Plaintiff's claims are served, as set forth below.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

I.  Equal Protection, RLUIPA and First Amendment Claims

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests. *See Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997). To reach the level of a constitutional violation, "the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an

2

interference with a tenet or belief that is central to religious doctrine.'" *Id.* at 737 (quoting *Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir. 1987)). A prisoner may be inconvenienced in the practice of his or her faith so long as the governmental conduct does not prohibit the prisoner from "participating in the mandates of his religion." *See id.* (failure to give notice allowing time for cleansing ritual, shackling, requiring sign-in for services and abusive language directed at faith failed to rise to a constitutional level). A prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); ; *Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993) (remanding for district court to determine whether denial of kosher diet was reasonably related to prison's legitimate interest in streamlining food service).

       The Equal Protection Clause requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts," *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (Buddhist prisoners must be given opportunity to pursue faith comparable to that given Christian prisoners), as long as the inmate's religious needs are balanced against the reasonable penological goals of the prison, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). *See Allen v. Toombs*, 827 F.2d 563, 568-69 (9th Cir. 1987).

       The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling

governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies to any "program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *San Jose Christian College v. Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (citing 42 U.S.C. § 2000cc-5(7)(A)). Liberally construed, Plaintiff's claims are sufficient to warrant a response and are served on Defendants, as set forth below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim against Defendants B. Curry, Warden, W. J. HILL, Associate Warden, P. J. Mullen, Correctional Business Manager, L. Warren, Facility Captain, K. J. Allen, Facility Captain, C. Foll, Deputy Warden, and N. Grannis. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto, and a copy of this order upon: **Defendants B. Curry, Warden, W. J. HILL, Associate Warden, P. J. Mullen, Correctional Business Manager, L. Warren, Facility Captain, K. J. Allen, Facility Captain, C. Foll, Deputy Warden**, **in Soledad, California and against Defendant N. Grannis at the California Department of Corrections and Rehabilitation in Sacramento, California.** The Clerk shall also serve a copy of this order on Plaintiff.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **sixty (60) days** from the date of this order, Defendant shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall

4

conform in all respects to Federal Rule of Civil Procedure 56.

**Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due**.

All papers filed with the Court shall be promptly served on the Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.  The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5

    c.  Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  4.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

  5.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

  6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and Defendant or Defendant's counsel informed of any change of address by filing and serving a separate paper entitled "Notice of Change of Address" and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED:  October 14, 2009

          *Jeffrey S. White*
          _____
          JEFFREY S. WHITE
          United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RICE,  | Case Number: CV09-01496 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| B. CURRY et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 14, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Rice
E-31206
C.T.F. Central E-W-128-L
P.O. Box 689
Soledad, CA 93960-0689

Dated: October 14, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk