IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN RICE,

    Plaintiff,

vs.

OFFICER J. RAMSEY, et al.,

    Defendants.

No. C 09-1496 LHK (PR)

**ORDER PROVIDING *RAND* SUMMARY JUDGMENT NOTICE AND SETTING NEW BRIEFING SCHEDULE**

    Plaintiff Steven Rice, a state prisoner, filed the above-titled *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Defendants have filed a motion to dismiss for failure to exhaust administrative remedies and a motion for summary judgment.  Plaintiff has filed his opposition, and Defendants have filed their reply to the opposition.  In his opposition, Plaintiff concedes he has not exhausted his administrative remedies as to his First Amendment claim relating to the denial of the Suhoor[1] meals.  (Opp'n at 17.)

    In its Order of Service, the Court, in accordance with the holding of *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998), explained to Plaintiff what he must do in order to oppose a motion for summary judgment.  A recent decision from the Ninth Circuit, however, requires that *pro se* prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the district court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 935, 940-41 (9th Cir. 2012).  Accordingly, the Court now provides the following notice to Plaintiff for his information in connection with Defendants' pending motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

---

[1] Suhoor meals are eaten by Muslims before sunrise during the month of Ramadan.

Order Providing Rand Summary Judgment Notice and Setting New Briefing Schedule
G:\PRO-SE\SJ.LHK\CR.09\Rice1496.RandNotice.wpd

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand*, 154 F.3d at 962-63.[2]

In order to allow Plaintiff time to oppose the pending motion for summary judgment taking into account this *Rand* summary judgment notice, the Court now sets the following new briefing schedule on Defendants' motion for summary judgment: No later than **August 31, 2012**, Plaintiff must file and serve a supplemental opposition because he has already filed an opposition. No later than **September 7, 2012**, Defendants shall file and serve their supplemental reply. **No further extensions of time will be granted in this case absent exigent circumstances.**

IT IS SO ORDERED.

DATED: 8/9/12

_____
LUCY H. KOH
United States District Judge

---

[2] *Woods* also requires that *pro se* prisoner-plaintiffs be given notice of what is required of them to oppose motions to dismiss for failure to exhaust administrative remedies at the time of filing of the motions. 684 F.3d at 940-41. However, because Plaintiff concedes nonexhaustion of the First Amendment claim at issue (opp'n at 17), the Court need not provide this notice. In any event, the Court notes that at the time Defendants filed their motion to dismiss, Defendants reiterated the holding of *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), and explained to Plaintiff what he must do to oppose a motion to dismiss for failure to exhaust administrative remedies. (MTD at 1.) Defendants informed Plaintiff that he "may provide evidence to the Court to dispute the evidence Defendants present." (*Id.*) And, as mentioned above, instead of disputing the evidence presented by Defendants, Plaintiff conceded nonexhaustion of the claim at issue.

Order Providing Rand Summary Judgment Notice and Setting New Briefing Schedule
G:\PRO-SE\SJ.LHK\CR.09\Rice1496.RandNotice.wpd    2